IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JASON BENJAMIN JOHNSON #2229913 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv117 |
| TDCJ, et al. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jason Benjamin Johnson, a prisoner of the Texas Department of Criminal Justice (TDCJ), filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was transferred to this Court for proper venue (Dkt. #6) and referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff did not pay the filing fee for this case, and he did not attach the required prison trust account statement to his application to proceed *in forma pauperis* (IFP). (Dkt. #4.) On April 4, 2022, the Court ordered Plaintiff to either pay the $402 filing fee or submit the required trust account statement within thirty days of receipt of the order. (Dkt. #7.) The order expressly cautioned that failure to comply could result in dismissal of his lawsuit. (*Id*. at 1.)

Also on April 4, 2022, the Court found Plaintiff's original complaint to be deficient and ordered him to file an amended complaint to cure the identified deficiencies within thirty days of receipt. (Dkt. #8.) That order expressly warned that "[f]ailure to replead in conformity with this order may result in dismissal of the complaint." (*Id*. at 4.)

More than two months have passed since those orders were mailed, and Plaintiff has failed to comply with either order or to take any other action to prosecute this case. The record does not

contain any acknowledgment that Plaintiff received the Court's orders, but a letter properly placed in the United States mail is presumed to reach its destination in the usual time and to actually be received by the addressee. *Faciane v. Sun Life Assurance Co. of Can.*, 931 F.3d 412, 420–21 & n.9 (5th Cir. 2019).

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's IFP application (Dkt. #4) be denied and that this action be dismissed without prejudice for Plaintiff's failure to comply with an Order of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 1st day of July, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE